UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TYSHAUN POPE,**<br><br>Petitioner,<br><br>v.<br><br>**THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,**<br><br>Respondents. | Civil Action No. 16-8893 (BRM)<br><br>**MEMORANDUM OPINION** |

Before this Court is Petitioner Tyshaun Pope's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2011 robbery conviction. (ECF No. 1). Petitioner has paid the requisite filing fee and, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court is required to preliminarily review Petitioner's habeas petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." 28 U.S.C. § 2254 Rule 4. For the reasons set forth below, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. Petitioner is granted leave to amend his petition to provide sufficient factual and contextual support for his claims within thirty (30) days of the date of the accompanying Order.

A district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases, a habeas petition brought pursuant to § 2254 must "specify all the grounds for relief available to the petitioner [and] state the facts supporting each ground." Motions which provide no more than "vague and conclusory grounds for habeas relief are subject to summary dismissal" under this Rule. *Anderson v. Pennsylvania Attorney General*,

1

82 F. App'x 745, 749 (3d Cir. 2003); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988).

Petitioner's habeas petition contains very little information about the claims he wishes to raise in this matter. Although Petitioner's habeas petition contains a summary of the procedural history of his State court criminal matter and legal boilerplate language applicable in § 2254 petitions, Petitioner raises only a single ground for relief: that he "was denied his constitutional right [to] the effective assistance of counsel." (ECF No. 1 at 22.) Specifically, Petitioner states, "The decisions of the Law Division and the Appellate Division denying [P]etitioner's claims of ineffective assistance of counsel were contrary to and involved an unreasonably application of federal law" and that he should therefore be provided relief. (*Id.* at 27-28.)

Additionally, Petitioner contends he raised four claims of ineffective assistance in his state court petition for post-conviction relief: "(1) ineffective assistance of counsel for not interviewing one of the putative crime victims; (2) ineffective assistance of counsel for not attempting to obtain a more favorable plea offer; (3) ineffective assistance of counsel for failing to file a suppression motion of CDS allegedly found incident to the arrest; [and (4)] ineffective assistance of counsel for failing to object to the lack of an adequate factual basis for the guilty plea to conspiracy to commit robbery." (*Id.* at 20.)  Petitioner also raised a claim of ineffective assistance of appellate counsel. (*Id.* at 20-21.)  Petitioner provides very little information about the facts underlying these claims, and does not specify whether he wishes to reraise all of these claims in his habeas petition, or challenge only some of those claims.

Petitioner has not provided this Court with any facts supporting an ineffective assistance of counsel claim, having merely asserted the claim in a conclusory fashion. Therefore, Petitioner has failed to meet the requirements of Rule 2(c), and Petitioner's habeas petition is dismissed

without prejudice because he has provided no more than "vague and conclusory grounds for habeas relief." *Anderson*, 82 F. App'x at 749. Petitioner is granted leave to amend his petition to provide sufficient factual and contextual support for his claims within thirty (30) days of the date of the accompanying Order.

Date: February 7, 2017             */s/Brian R. Martinotti*
                                    **HON. BRIAN R. MARTINOTTI**
                                    **UNITED STATES DISTRICT JUDGE**